UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | |
| INTERBANK FUNDING CORP., <u>et al.</u>, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |
| IBF FUND LIQUIDATING LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 07-CV-10665 (DAB)(ECF) |
| | ) | 07-CV-10692 (DAB)(ECF) |
| CHADMOORE WIRELESS GROUP INC., | ) | 07-CV-10693 (DAB)(ECF) |
| CHADMOORE SHAREHOLDER LIQUIDATING | ) | |
| TRUST, ROBERT MOORE and STEPHEN RADUSCH, | ) | |
| | ) | |
| Defendants. | ) | |

**APPELLEE AND CROSS-APPELLANT'S REPLY BRIEF**

KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022

31608215.DOC

**TABLE OF CONTENTS**

Page

I.     THE BANKRUPTCY COURT ERRED IN GRANTING SUMMARY
       JUDGMENT IN FAVOR OF MOORE ON THE COLORADO PERSONAL
       LIABILITY STATUTE ............................................................................................1

       A.     The Plain Language of the Personal Liability Statute Covers Moore's
              Misconduct ...................................................................................................1

       B.     Interpreting the Personal Liability Statute To Cover Post-Incorporation
              Acts Is Consistent with the Common Law Which Imposes Liability
              Against an Officer of a Dissolved Corporation Acting Without Authority ............3

       C.     Colorado Courts Have Not Ruled on The Scope of the Current Colorado
              Personal Liability Statute .....................................................................................5

CONCLUSION ........................................................................................................................9

**TABLE OF AUTHORITIES**

CASES

Bonfils v. Hayes, 201 P. 677 (Colo. 1921)..................................................................................4

Charlton v. Kimata, 815 P.2d 946 (Colo. 1991)..........................................................................2

Colorado v. Nieto, 993 P.2d 493 (Colo. 2000).............................................................................2

Colorado v. Yascavage, 101 P.3d 1090 (Colo. 2004) ..................................................................2

Ellis Canning Co. v. Bernstein, 348 F. Supp. 1212 (D. Colo. 1972) ...........................................4

Holcomb v. Jan-Pro Cleaning Systems of Southern Colorado, 172 P.3d 888 (Colo. 2007)...........2

Micciche v. Billings, 727 P.2d 367 (Colo. 1986)..........................................................................6

Murphy v. Crosland, 886 P.2d 74 (Utah App. 1994),
   *aff'd,* 915 P.2d 491 (Utah 1996) ...............................................................................3, 4, 6

Sims v. Ottenhoff, 879 P.2d 436 (Colo Ct. App. 1994) ................................................................7

Steedle v. Sereff, 167 P.3d 135 (Colo. 2007)...............................................................................2

MISCELLANEOUS

1A Colo. Prac. Bus. Corp. Deskbook § 7-102-104 (2007-2008 ed.) .............................................3

STATUTES

C.R.S. § 7-3-104......................................................................................................................2, 8

C.R.S. § 7-20-106........................................................................................................................7

C.R.S. § 7-102-104.................................................................................................................*passim*

C.R.S. § 7-122-104........................................................................................................................7

Plaintiff-Appellee and Cross-Appellant Fund LLC[1] respectfully submits this reply brief in further support of its Cross Appeal of the Final Judgment entered by the Bankruptcy Court on October 9, 2007 which, while granting summary judgment to Fund LLC on Count VI of the Complaint (AP docket no. 1) (Vol. I, Tab F), also granted summary judgment to Moore on Fund LLC's alternative theory under Count VI of the Complaint that Moore's misconduct violated the Colorado personal liability statute, C.R.S. § 7-102-104.

**I.    THE BANKRUPTCY COURT ERRED IN GRANTING
SUMMARY JUDGMENT IN FAVOR OF MOORE
ON THE COLORADO PERSONAL LIABILITY STATUTE**

Fund LLC's moving brief (at pp. 37-41) established that the Bankruptcy Court erred in granting summary judgment to Moore on Fund LLC's alternative theory that Moore was liable under Colorado's personal liability statute, C.R.S. § 7-102-104, because its ruling ignored the plain language of the Colorado statute that, on its face, imposes liability for the misconduct that Moore admitted to in this case.   Moore does not dispute that the Bankruptcy Court's interpretation of the scope of the Colorado personal liability statute is a question of law and that, therefore, this Court's review of that ruling is *de novo*.

**A.    The Plain Language of the Personal Liability
Statute Covers Moore's Misconduct**

The Bankruptcy Court ruled that the Colorado personal liability statute only applied to pre-incorporation acts and, since in this case, Moore's misconduct involved post-incorporation acts after a dissolution, the personal liability statute did not apply to Moore.   The Bankruptcy Court was wrong.   Neither the plain meaning of the statute nor the Colorado court decisions that the Bankruptcy Court relied upon support the Bankruptcy Court's conclusion.

---

[1]   Capitalized terms used herein but not defined shall have the meanings ascribed to them in Fund LLC's moving brief dated February 1, 2008.

31608215.DOC

When faced with a question of statutory interpretation, Colorado courts first examine the plain language of the statute to divine its meaning. *See, e.g., Steedle v. Sereff*, 167 P.3d 135 (Colo. 2007) (in interpreting statute, first step is to look to the plain language of the statute). If the statutory language is plain and unambiguous, the Colorado courts will not resort to other methods to divine legislative intent. *Holcomb v. Jan-Pro Cleaning Systems of Southern Colorado*, 172 P.3d 888 (Colo. 2007); *Steedle*, 167 P.3d at 140; *Colorado v. Nieto*, 993 P.2d 493, 499 (Colo. 2000). Additionally, when interpreting a statute, Colorado courts endeavor to give effect to every word in the statute. *Steedle,* 167 P.3d at 140; *Charlton v. Kimata*, 815 P.2d 946, 949 (Colo. 1991); *Colorado v. Yascavage*, 101 P.3d 1090, 1093 (Colo. 2004) ("we read words and phrases in context and construe them literally according to common usage unless they have acquired a technical meaning by legislative definition").[2]

Fund LLC's moving brief demonstrated and Moore's reply concedes that the literal language of the current version of the Colorado personal liability statute covers both pre and post-incorporation activities. *See* Moore Reply Br. at 12 (". . . arguably the literal language appears to extend to persons acting on behalf of any corporation . . .").[3] Indeed, even the Colorado Practice Business Corporation Deskbook, which Moore relies upon, states that "the literal language

---

[2]    Colorado is thus in accord with the well-established law as enumerated by the United States Supreme Court. *See* Fund LLC's Br. at 38 n. 36.

[3]    The current and applicable version of the Colorado personal liability statute at issue provides that:

> All persons purporting to act as *or on behalf of* a corporation without authority to do so and without good faith belief that they have such authority shall be jointly and severally liable for all liabilities incurred or arising as a result thereof.

C.R.S. § 7-102-104 (2006) (enacted in 1994; previously codified as § 7-3-104) (emphasis added).

appears to extend to persons acting on behalf of any corporation, including one that was properly incorporated and organized but that had not authorized the particular acts in question."[4]

Under the Colorado rules of statutory interpretation, that concession should end the inquiry. The plain meaning of the words "to act as *or on behalf of a corporation*," indicates that the statute was intended to cover not only acts taken by those purporting to act as a corporation – *i.e.*, acts taken by a person where there was no actual corporate existence, such as in the pre-incorporation scenario – but also to acts on behalf of a corporation – *i.e.*, occurring once the corporation is in existence. Accordingly, the Bankruptcy Court erred in failing to apply the plain meaning of the personal liability statute and impose liability against Moore on that basis.

**B.      Interpreting the Personal Liability Statute To Cover
           Post-Incorporation Acts Is Consistent with the
           Common Law Which Imposes Liability Against
           an Officer of a Dissolved Corporation Acting Without Authority**

It is clear from the case law and legislative history of the MBCA that an officer acting without authority of a *dissolved* corporation remains personally liable for his conduct. *Murphy v. Crosland,* 886 P.2d 74 (Utah App.1994), *aff'd,* 915 P.2d 491 (Utah 1996), is particularly instructive. In tracing the history of the MBCA's personal liability statute, the court explained that the MBCA's primary intent was to abolish the concept of a de facto corporation, by which some states absolved individuals "who assume to act as a corporation before the corporation actually exists" from personal liability. *Murphy,* 886 P.2d at 77. However, the court further explained that the MBCA was never intended to supplant the common law doctrine that "held

---

[4]      Moreover, Moore fails to quote an earlier portion of that same deskbook, in which the authors recognize that "[t]here is a distinct difference between this section's language and the recommended language of Model Act § 2.04." 1A Colo. Prac. Bus. Corp. Deskbook § 7-102-104 (2007-2008 ed.). The Model Business Corporation Act ("MBCA") provides "knowing there was no incorporation under this Act," whereas in C.R.S. § 7-102-104, the legislature declined to adopt that language and amended the statute to instead include "to act as or on behalf of a corporation."

directors, officers, and shareholders of a dissolved corporation personally liable." *Id.* at 78. During the "post-dissolution" period, the MBCA maintained the status quo of the existing common law decisions that "held personally liable those who carried on the business in an unauthorized manner." *Id.*[5]

Interpreting the Colorado personal liability statute to apply to both pre and post-incorporation acts is further supported by Colorado common law, which imposes personal liability on officers and directors of corporations who act without authority from the corporation as Moore admittedly did here. *See Bonfils v. Hayes*, 201 P. 677 (Colo. 1921) (directors liable under Colorado common law where they continued to conduct business on behalf of a corporation whose charter had expired even though directors had not acted in bad faith); *Ellis Canning Co. v. Bernstein*, 348 F. Supp. 1212, 1229-30 (D. Colo. 1972) (president and stockholders liable for president's unauthorized efforts to sell company).

The rationale of these cases makes perfect sense and fully dovetails to the fact pattern of this case. Moore concedes that he entered into a contract (the Chadmoore Put) as the President, CEO and a director of Chadmoore, even though he was not authorized to do so, and he argues (which Fund LLC disagrees with) that such contract was inconsistent with Chadmoore's dissolution status. The Colorado cases indicate that Moore did not extricate himself from liability for his knowing wrongful acts. Rather, Moore is personally liable in place of Chadmoore and is bound to the contractual liability arising from his signing the contract on Chadmoore's behalf without its authority. The Colorado statute provides for this same result; that being, Moore is personally liable for a contract signed by him on behalf of a corporation without a good faith

---

[5]    In contrast to a dissolved corporation, whether an officer of a suspended corporation acting without authority was personally liable – the *Micciche* paradigm and not the situation presented in this case – was unclear under the law. *Id.*

belief that he had authority to act.  Moore interprets the statute, however, as eliminating such

liability.  Yet there is absolutely no indication in any legislative history – let alone language in the

statute itself – that the statute was intended to reverse this basis of liability long recognized under

Colorado common law.

C.    **Colorado Courts Have Not Ruled on The Scope**
       **of the Current Colorado Personal Liability Statute**

Moore tries to mislead this Court into believing that the Colorado courts have ruled on the

scope of the *current* Colorado personal liability statute when they have not.  Thus, Moore asserts

that "(a) the Supreme Court of the State of Colorado has expressly rejected the 'interpretation' of

*this* Colorado statute urged by Fund LLC and (b) following that express judicial rejection, the

Legislature of Colorado has not revised the statute to 'correct' any misunderstanding of the

Colorado Supreme Court as to the Legislature's intent with respect to *this* statute, namely that it

applies only to pre-incorporation events."  (Moore Reply Br. at 11; emphasis added).

Both the (a) and (b) of Moore's argument are demonstrably false.  The Colorado Supreme

Court has not rejected the interpretation of the personal liability statute urged by Fund LLC.

*Micciche*, the Colorado Supreme Court case that Moore is referring to, interpreted an older and

narrower version of the Colorado personal liability statute.  Moreover, Moore's assertion that

following the express judicial rejection of *this* Colorado statute, the Colorado legislature did not

revise the statute to correct any misunderstanding of the Colorado Supreme Court as to the

Legislature's intent, is a total fabrication.  The *Micciche* Court did not interpret the scope of the

current personal liability statute and, thus, there was nothing for the Colorado legislature to

correct with respect to the scope of the current version of the statute.  The Colorado legislature

did, however, amend the Colorado personal liability statute after *Micciche* was decided in 1986

and substantially broadened the scope of the Colorado personal liability statute by adding the

words "on behalf of the corporation," rejecting in the process the MBCA's limitation of "knowing that there was no incorporation under the Act." That action by the legislature suggests that, consistent with Colorado common law, the Colorado legislature intended the most current version of the statute to apply to any misconduct involving a corporation, whether it be pre or post-incorporation.

Contrary to Moore's assertions, the *Micciche* Court never even held that its version of the personal liability statute was limited to pre-incorporation conduct, nor did it deal with the issue of the "personal liability [of] a vice president of [a] *dissolved* corporation." Moore Reply Br. at 11; emphasis added. As demonstrated at pages 38-41 of Fund LLC's moving brief, the *Micciche* Court limited its ruling to personal liability of an officer of a corporation that had been *suspended* from transacting business in Colorado as a result of its failure to make certain required corporate filings. Because a suspended corporation can be revived under Colorado case law, corporate officers are not personally liable. *Micciche v. Billings,* 727 P.2d 367, 368 (Colo. 1986). By contrast, no Colorado court has ever held that an officer that acts without the authority of a corporation that has been *voluntarily dissolved,* like Chadmoore, is absolved from personal liability. In the case of an officer acting without the authority of a dissolved corporation, the law always imposed personal liability on the officer and *Micciche* did not change that result. *See generally Murphy*, 886 P.2d at 78.

Moore erroneously asserts that "Colorado courts have expressly limited the scope of Section 7-102-104 and its predecessors to pre-incorporation events and nothing else." (Moore Reply Br. at 11). No Colorado court has limited the scope of Section 7-102-104 to pre-

incorporation events.  No Colorado court has ever ruled on the scope of Section 7-102-104, which is why the actual words of the statute should control here.[6]

Moore compounds that misstatement by asserting that one other Colorado appellate court has ruled that a version of the current Colorado personal liability statute applicable to non-profit corporations was held not to apply to post-incorporation conduct.  *See* Moore Br. at 12 (citing *Sims v. Ottenhoff*, 879 P.2d 436 (Colo Ct. App. 1994)).  Contrary to Moore's assertion, the personal liability statute that the *Sims* Court found did not apply to post-incorporation acts was identical in language to the earlier and narrower personal liability statute that was at issue in *Micciche*.[7]  Just as the current version of the personal liability statute for corporations was amended in 1993, the personal liability statute for non-profit corporations was later amended to mirror the new language of the 1993 personal liability statute.  No court has ever ruled that the

---

[6]     Moore is *similarly* misleading when he asserts that the Bankruptcy Court rejected Fund LLC's interpretation of the Colorado statute because it held "that there is no case law interpreting the statute as Fund LLC would apply it here." (Moore Reply Br. at 11).  As discussed above, just as there is no case law interpreting the current statute as Fund LLC would apply it here, there is no case law interpreting the current statute as Moore would apply it here.  There is *no* case law interpreting the scope of the Colorado 1993 personal liability statute at all.

[7]     The *non*-profit statute at issue in *Sims* (Section 7-20-106) (1986) provided:  "All persons who assume to act as a corporation without authority to do so shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof."  The language of this older non-profit statute did not contain the current language which imposes liability on all persons who "assume to act as or *on behalf of a corporation* without authority."  The current version of the Colorado non-profit personal liability statute at issue provides that:

> All persons purporting to *act as or on behalf of a* nonprofit corporation without authority to do so and without good faith belief that they have such authority shall be jointly and severally liable for all liabilities incurred or arising as a result thereof.

C.R.S. § 7-122-104 (2006) (enacted in 1998; previously codified as § 7-20-106) (emphasis added).

current version of the personal liability statute for non-profit corporations is limited to pre-incorporation acts.[8]

*    *    *

The Bankruptcy Court should have applied the plain language of the Colorado statute, rather than rely on Colorado decisions interpreting an earlier and narrower version of the statute. The Bankruptcy Court's grant of summary judgment for Moore should be reversed and summary judgment should be granted in Fund LLC's favor on Count VI on the additional and alternative theory that Moore is personally liable to Fund LLC under C.R.S. § 7-102-104.[9]

---

[8]    Moore relies on a quote from the Colorado Practice Business Corporation Deskbook which states that "both the case law under the substantially similar prior Colorado Act § 7-3-104 and the legislative history of the Act indicate that this section is intended to apply only to situations in which a corporation was never validly formed." *See* Moore Reply Br. at 13 (quoting 1A Colo. Prac. Bus. Corp. Deskbook § 7-102-104 (2007-2008 ed)). It is for the Court to interpret the meaning of the Colorado statute, and statements in a deskbook are of no precedential value. Furthermore, the authors' assertions that the case law under the prior version of the personal liability statute and the legislative history of the Act indicate that this section is intended to be limited to pre-incorporation acts are wrong. As demonstrated above and in Fund LLC's moving brief, there is no case law construing the current version of the statute. The case law that the authors are referring to construed the older and narrower version of the statute. Furthermore, the authors' assertion that the legislative history of the Act supports limiting its scope to pre-incorporation acts is also misplaced. The legislative history that the authors are referring to related to earlier amendments of the personal liability statute. There is no legislative history relating to the 1993 amendment to the statute.

[9]    In addition to Moore's misleading statements regarding non-existent Colorado decisions purportedly interpreting the statute at issue, Moore's brief also misleadingly asserts that he raised the issue of whether reliance was a necessary element of an implied warranty of authority claim before the Bankruptcy Court. To support that statement, Moore points to page 8 of his July 16, 2007 Memorandum of Law, which states "[i]f, for some reason, Fund LLC's reliance is not deemed unreasonable as a matter of law, at the very least, the parties' highly disputed account of the facts – specifically, regarding Fund LLC's negotiation tactics and the state of its knowledge before the Chadmoore Put was executed – precludes the award of summary judgment in Fund LLC's favor." What Moore fails to tell this Court is that the argument and quotation that Moore references was not made in response to Fund LLC's implied warranty of authority claim, but was made in response to Fund LLC's separate *fraud* claim, for which no one disputes that reliance is an element. Moore *never* argued below, and he has not pointed to a single place in any of his briefs, that reliance was an element of an implied warranty of authority claim and, accordingly, Moore waived that argument under controlling Second Circuit law. *See* Moving Br. at p. 29 and cases cited therein.

## CONCLUSION

For all of the foregoing reasons and for the reasons set forth in Fund LLC's moving brief, the Bankruptcy Court's judgments granting summary judgment against Moore on Count VI of the Complaint for breach of the implied warranty of authority under New York law, the PI Order, and imposing contempt sanctions against Moore should be affirmed and its ruling granting summary judgment in favor of Moore on the Colorado personal liability statute should be reversed.

Dated: New York, New York
February 28, 2008

IBF FUND LIQUIDATING LLC


By:   _/s/ Arthur Steinberg_
Arthur Steinberg
Aaron Rubinstein
Heath Rosenblat
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022
(212) 836-8000

31608215.DOC                                9